**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**ANTHONY DEWAYNE WALKER,
ADC #107683**                                                                                          **PLAINTIFF**

V.                            Case No. 2:15CV00021 BSM/BD

**DANNY BURLS**                                                                                         **DEFENDANT**

**RECOMMENDED DISPOSITION**

**I.     Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Chief United States District Judge Brian S. Miller. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objection.

Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

**II.    Introduction:**

Plaintiff, Anthony Dewayne Walker, is a prisoner in the East Arkansas Regional Unit ("EARU") of the Arkansas Department of Correction ("ADC"). In this *pro se*

§ 1983 action, Mr. Walker claims that Defendant Burls violated his rights under the Fourteenth Amendment's Equal Protection Clause.  (Docket entry #2, #8)

Defendant Burls has filed a motion to dismiss, arguing that Mr. Walker has failed to state an equal protection claim against him and that he is entitled to qualified immunity.  (#13, #14)  Mr. Walker has responded to Defendant Burl's motion.  (#18)  For the following reasons, Defendant Burl's motion to dismiss (#13) should be GRANTED.

### III.   Facts:

While Mr. Walker was housed at the EARU, he was promoted to M-1 medical status and thereafter requested a job transfer for an indoor job.  (#2)  Staff responded in writing that, "No, M1 medical class inmates can received [sic] an indoor job per Warden Burl."[1]  (#2)  Mr. Walker supplies a list of inmates who were classified as M-1 inmates who were assigned indoor jobs to prove that he was discriminated against by Defendant Burls.  (#2)

### IV.   Analysis:

Unfortunately for Mr. Walker, his claim cannot move forward.  It is well settled that there is no constitutional right to a particular prison job.  *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 20002) (citing *Mitchell v. Kirk*, 20 F.3d 936, 938 (8th Cir. 1994).  Mr. Walker admits that "race discrimination is not the issue in this claim."  (#18)  Because Mr. Walker does not allege he is a member of a suspect class or that Defendant Burls

---

[1] Five months later Mr. Walker was moved to an indoor job.  (#2)

infringed upon a fundamental right, his claim is subject to review under a rational basis standard. *Nolan v. Thompson*, 521 F.3d 983, 989-90 (8th Cir. 2008); *Phillips v. Norris,* 320 F.3d 844, 848 (8th Cir. 2003); *Hosna v. Groose*, 80 F.3d 298, 304 (8th Cir.1996). To state an equal protection claim under this standard, Mr. Walker must allege: (1) that Defendant Burls intentionally treated him less favorably than similarly-situated inmates; and (2) that Defendant Burls had no rational basis for the dissimilar treatment. *Id*. Importantly, the government's differential treatment will be upheld if there is *any* rational reason for it. *Rahman X v. Morgan*, 300 F.3d 970, 973 (8th Cir. 2002).

The Court is not aware of the disciplinary background or histories of the list of inmates that Mr. Walker provided that were assigned M-1 status and indoor jobs. Without more, the Court cannot conclude that these inmates were similarly situated to Mr. Walker. Mr. Walker alleges only that Defendant Burls discriminated against him by failing to immediately assign him to an indoor job while other M-1 inmates were assigned to indoor jobs. There are no factual allegations to suggest an equal protection violation.

V.   **Conclusion**:

The Court recommends that Defendant Burls's motion to dismiss (#13) be GRANTED, and that Mr. Walker's claims be DISMISSED, without prejudice.

IT IS SO ORDERED, this 21st day of July, 2015.

_____
UNITED STATES MAGISTRATE JUDGE